IN THE CIRCUIT COURT OF CLAY COUNTY, ARKANSAS
EASTERN DISTRICT - CIVIL DIVISON

NATHAN HOGGARD PLAINTIFF

VS. NO. CIV-2015-39

Jury Trial Demanded

ROGER PAGE, INDIVIDUALLY AND AS REGISTERD AGENT AND AS MEMBER AND OWNER OF ARABI CATTLE COMPANY, Limited Liability Company, AND JIM FRANLKIN, INDIVIDUALLY AND AS EMPLOYEE OF ARABI CATTLE COMPANY, Limited Liability Company

DEFENDANTS

COMPLAINT

COMES NOW the Plaintiff, by and through his counsel, Branch Thompson Warmath & Dale, P.A., and for his cause of action against the Defendants states:

JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Clay County, Piggott Arkansas.

2. Defendants were operating and conducting business transactions in the Eastern District of Clay County Arkansas.

3. Defendant, Roger Page, is owner and member and registered agent of Arabi Cattle Company, LLC, hereinafter referred to as "Page" owns a vehicle used in the transport of farming goods, more specifically large round bales of hay. Page address is 23 Palestine Road, Newbern, TN 38059-5431. Page was not licensed to operate a business in the State of Arkansas, as necessitated under Ark. Code Ann. 4-27-1502.



4. Defendant, Jim Franklin, hereinafter referred to as "Franklin" was the driver of the vehicle owned and operated by Roger Page. Jim Franklin is an employee of Arabi Cattle Company, LLC., 23 Palestine Road, Newbern TN 38059.

5. The subject matter of this action concerns tortuous injuries that occurred in Eastern District, Clay County Arkansas. This action was filed within the applicable statue of limitations and this Court has jurisdiction over the parties, claims, and venue is proper. Therefore this Honorable Court has proper jurisdiction.

## FACTUAL ALLEGATIONS

6. Plaintiff restate and reallege all paragraphs hereinabove, 1-5.

7. That on March 7, 2015, Defendant Page owned and operated a semi-tractor used for transporting farming goods, more specifically large round bales of hay.

8. On or about March 7, 2015, Defendant Page was purchasing several large round hay bales from a farming operation in Clay County, Arkansas.

9. Defendant Franklin, was hired as employee of a semi-tractor owned by Page to transport the large round bales back to Page.

10. Plaintiff was a bystander and was present during the loading of the purchase of the round hay bales.

11. One of the Defendants large round hay bales, of approximately weighing 2000 to 2500 pounds, fell on Plaintiff.

12. Defendant Franklin knew and/or should've known of the susceptibility of the shifting of the large round hay bales and failure to secure such shifting.

13. Due to the negligence of the Defendants, a large round bale fell on Plaintiff and caused serious injuries including multiple fractures of neck and lower extremities.

14. At the time of the collision, Defendant Franklin was an agent, employee, driver, and was acting under contract with Defendant Page and within the scope of his authority and driver and direction of Defendant Page. Therefore all negligent acts of Defendant Franklin are imputed to Defendant Page under the doctrine of *respondeat superior* and agency.

15. Defendant Franklin was negligent in the following particulars, including but not limited to:

a. Failure to exercise ordinary care;

b. Failure to maintain the vehicle under proper control;

c. Operating the vehicle in an unsafe manner;

d. Failing to obey the rules of the road and federal regulations;

e. Failing to use reasonable care to avoid injury to others while operating a motor vehicle;

f. Failing to take necessary evasive action when it was evident that an accident was about to occur;

g. Failure to keep loads secure;

h. Otherwise failing to exercise reasonable care and to obey the rules of the road applicable to operators of semi-tractor trailers; and

    i. Various other acts of omission or negligence, to be set out more fully at trial

16. Defendants committed negligence per se by violation Arkansas Code Annotated, Sections, 27-35-103, 27-35-106, 27-35-107, 27-35-108, 27-35-109, 27-35-110, 27-35-201, 27-35-202, 27-35-203.

17. Plaintiffs believe, and therefore allege, that Defendant Page was negligent in the hiring, training, supervision and retention of Defendant Franklin.

18. Plaintiffs believe, and therefore allege, that Defendant Page failed to maintain and equip the semi truck with the proper equipment on the semi truck for such hauling.

19. Plaintiff believe, and therefore, allege, that Defendant Page failed to meet the requirements for the required standard for transporting such a load and put the roadways at risk.

20. Plaintiff believe, and therefore, allege, that Defendant Page failed to have the required daily trip safety inspection of the semi truck prior to the leaving for the load pick up.

21. Plaintiff believe, and therefore allege, that Defendant Page failed to train Defendant Franklin in accordance with safety standards of those in the industry.

22. Defendant Page is a party to this action as Defendant Franklin was his driver, respective agent, or employee and the negligent acts of Defendant Franklin occurred in the course and scope of his agency, servitude or employment. Defendant Page is thus liable for Plaintiff's injuries and damages under the doctrine of *respondeat superior* and agency.

23. Defendant, Page, acting by and through his agent, negligently operated the vehicle that was involved in the injuries to Plaintiff.

24. Defendant Page, is a party to this action as Defendant Franklin was his employee, respective agent, servant and is thus liable for Plaintiff's injuries and damages under the doctrine of *respondeat superior*, agency, as as well as the presumptions in Arkansas Code Annotated mentioned prior.

25. As a proximate cause of the Defendants' negligence, Plaintiff suffered severe trauma to his body and continues to suffer from extensive injuries, including but not limited to, head, neck, and facial injuries, leg, past, present and future pain and suffering; and potential permanent disability.

26. The Plaintiff should recover damages specified herein from and against Defendant Franklin and Defendant Page, jointly and severally, in an amount that compensates him for the injuries and damages incurred.

27. As a proximate cause of the Defendants' negligence, Plaintiff further has suffered and continues to suffer loss of earnings and loss of earning capacity.

28. As a proximate cause of the Defendants' negligence, Plaintiff has suffered extensive medical expenses for his care and maintenance and treatment, and will suffer additional medical expenses in the future.

29. That the Plaintiff request a jury trial in this Case.

30. That the Plaintiff retain the right to plead and amend further

31. That the Plaintiff should recover punitive/exemplary damages.

32. Plaintiff is entitled to damages in excess of the amount required for diversity jurisdiction in a federal court.

**WHEREFORE**, because of the Defendants' negligence and the consequential injuries mentioned, Plaintiff prays that he be awarded a jury trial; that he recover of and from the Defendants an amount of money in excess of that required for diversity jurisdiction in a federal court and sufficient to compensate him for his past, present and future injuries and damages, tangible and intangible; that he recover from the Defendants an amount of money sufficient to compensate him for medical expenses incurred and future medical expenses reasonably anticipated; for his attorney's fees and costs incurred herein; post judgment interest at the legal rate; that the costs of this action be taxed to the Defendants; for a trial by jury, and for sure other and further relief to which Plaintiffs may be just entitled, at law and equity. and for costs and all other proper relief.

BRANCH THOMPSON WARMATH & DALE P.A.
A Professional Association
414 W. Court Street
Paragould, AR 72450
(870) 239-9581
By: ______________________
Kimberly B. Dale, 2003195
*Attorneys for Plaintiff*

**VERIFICATION**

The undersigned, Nathan Hoggard, plaintiff herein, states on oath that the things and matters set forth in the foregoing Complaint are true and correct, as I verily believe.

Nathan Hoggard

Nathan Hoggard

STATE OF ARKANSAS
COUNTY OF Clay

Subscribed and sworn to before me this 27 day of August, 2015.

Notary Public

My Commission Expires: 5/15/21

BRADLEY USSERY
Commission No. 12382045
NOTARY PUBLIC
My Commission Expires May 15, 2021
GREENE CO., ARKANSAS