**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**NATHAN HOGGARD and JERRY WILLIAMS** **PLAINTIFFS**

**V.** **3:15CV00323 JM**
**3:16CV00075 JM**

**ARABI CATTLE COMPANY, Limited Liability Company; ROGER PAGE, Individually and as Registered Agent and as Member and Owner of ARABI CATTLE COMPANY, Limited Liability Company; and JIM FRANKLIN, Individually and as Employee of ARABI CATTLE COMPANY, Limited Liability Company** **DEFENDANTS**

**ORDER**

Pursuant to Rule 42(a), the Court orders the cases of *Hoggard v. Arabi*, 3:15CV00323-JM and *Williams v. Arabi*, 3:16CV00075 JM to be consolidated because the cases involve common questions of law and fact.[1] The Court will revisit the issue of consolidation for purposes of trial if requested to do so by motion of either party.

Plaintiffs Jerry Williams and Nathan Hoggard were injured when a bale of hay weighing more than 1000 pounds fell on them from the transport vehicle owned by Defendant Roger Page and driven by Defendant Jim Franklin, an employee of Defendant Arabi Cattle Company ("Arabi") and Page. Williams and Hoggard, separately, filed suit against Page, Franklin, and Arabi for negligence seeking damages for injuries, including past, present and future injuries and medical expenses. Plaintiffs also include claims for aggravated assault and punitive damages against the Defendants.

Defendants contend that Plaintiffs' Complaints should be dismissed because 1) no

[1] *Hoggard v. Arabi*, 3:15CV00323 will be designated as the lead case. All future pleadings by the parties should be filed only in the lead case.

plausible claim has been pled against Defendant Page individually; 2) there are no allegations that the loading of the hay onto the trailer was complete or that the tractor was in motion at the time of Plaintiff's injury which forecloses certain claims; 3) the claims of aggravated assault are deficiently pled; and 4) based on the allegations, Plaintiffs are not entitled to punitive damages.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974)).

Defendants' first argument is that Plaintiffs have failed to plead any facts which state a claim against Defendant Page. Defendants argue Page was not present at the time of the accident and is not liable merely because he is a member or owner of Arabi. However, it is a "significant principle of corporate law that officers and directors of corporations are personally liable to the extent that their tortious acts result in harm to a third party." *In re Speers*, 244 B.R. 142, 145 (Bankr. E.D. Ark. 2000). Further, Plaintiffs contend that Page *and* Arabi are Franklin's employer. "Under the doctrine of *respondeat superior*, an employer may be held vicariously liable for the tortious conduct of an agent if the evidence shows that such conduct was committed within the scope of the agent's employment." *St. Joseph's Reg'l Health Ctr. v. Munos*, 326 Ark. 605, 612, 934 S.W.2d 192, 195 (1996) (citing *National Bank of Commerce v. HCA Health Servs. of Midwest,*

*Inc.*, 304 Ark. 55, 58, 800 S.W.2d 694 (1990)). Assuming that all of Plaintiffs' allegations are true, the Court cannot say that Plaintiffs have failed to allege any facts which give rise to liability against Page.

Defendants also argue that Plaintiffs' claims of statutory and regulatory violations are implausible because there are no allegations in the Complaint that the loading of hay onto the trailer was complete or that the tractor trailer was in motion. Plaintiffs' claims in this case are for negligence. "A negligent act arises from a situation where an ordinarily prudent person in the same situation would foresee such an appreciable risk of harm to others that he would not act or at least would act in a more careful manner." *City of Little Rock v. Cameron*, 320 Ark. 444, 447, 897 S.W.2d 562, 564 (1995) (quoting *White River Rural Water Dist. v. Moon*, 310 Ark. 624, 839 S.W.2d 211 (1992)). As stated in the Complaints, "[e]vidence of statutory and regulatory violations by the Defendants should be considered as evidence of Defendants' negligence," not as causes of action. The argument that Defendants may not have violated some of the statutes cited by Plaintiffs does not preclude Plaintiffs' negligence claims. Defendants' motions to dismiss are denied as to the negligence claims.

Plaintiffs allege claims of aggravated assault against Defendants. In Arkansas, assault is defined as an 'intentional attempt by a person, by force or violence, to do an injury to the person of another, or as any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it an immediate intention, coupled with a present ability, to commit a battery.'" *Costner v. Adams*, 82 Ark.App. 148, 156, 121 S.W.3d 164, 170 (2003).
There are no facts contained in the Complaints which state a claim against Defendants for assault. Therefore, Plaintiffs' claims for aggravated assault are dismissed.

The Court also finds that the facts alleged by Plaintiffs do not warrant punitive damages.

"Mere negligence, indifference, or careless disregard of the rights of others is not sufficient upon which to base a recovery for exemplary damages. The acts must be such as to evince malice. It is true that in law malice is not necessarily personal hate. It is rather an intent and disposition to do a wrongful act greatly injurious to another." *Satterfield v. Rebsamen Ford, Inc.*, 253 Ark. 181, 185-86, 485 S.W.2d 192, 195 (1972) (quoting *Ray Dodge, Inc. v. Moore*, 479 S.W.2d 518 (Ark. 1906)).

In conclusion, Defendants' motions to dismiss (ECF No. 4 in *Williams v. Arabi*, 3:16CV00075) and (ECF No. 35 in *Hoggard v. Arabi*, 3:16CV00075 JM) are GRANTED in part and DENIED in part. Plaintiffs' claims of aggravated assault and for punitive damages are dismissed. The claims of negligence as to all Defendants remain.

IT IS SO ORDERED this 22nd day of April, 2016.

James M. Moody Jr.
United States District Judge