IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NATHAN HOGGARD and
JERRY WILLIAMS                                                                PLAINTIFFS

vs.                                    No. 3:15-cv-323 JM

ARABI CATTLE, ET AL.                                                        DEFENDANTS

## ORDER

Pending is Plaintiffs' motion to compel discovery (Docket No. 62). Defendants have responded, and the motion is ripe for consideration.

Plaintiffs are each seeking damages from personal injuries they sustained when a bale of hay weighing over 1000 pounds fell on them from the bed of the flatbed trailer owned by Defendant Roger Page and driven by Defendant Jim Franklin, and employee of Defendant Arabi Cattle Company and Page. Plaintiffs propounded their first set of discovery requests in January of 2016. As Defendants point out, this first set of requests contained thirteen numbered interrogatories that consisted of twenty-seven subparts. Defendants answered these discovery requests, and Plaintiff subsequently took the deposition of Jim Franklin on April 12, 2016.

On November 18, 2016, Plaintiffs propounded a second set of interrogatories and requests for production. These discovery requests included an additional five interrogatories with a total of twenty-two subparts. Defendants objected to answering this second set of discovery requests, and Plaintiffs filed a motion to compel.

After full consideration of each request contained in Plaintiffs' second set of interrogatories and requests for production of documents, the Court agrees with the objections made by Defendants as articulated in their response to the motion to compel (Document No. 66).

Following the 2015 amendment, Rule 26 of the Federal Rules of Civil Procedure provides as follows regarding the scope and limitations on discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26. Specifically, the Court finds that the second set of discovery requests are not proportional to the needs of this negligence case and are not relevant to resolving the issues before the Court.

In addition, although this was not a central issue to the Court's decision to deny the motion to compel, Rule 33 does limit the number of written interrogatories a party may serve to "no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33. Plaintiff has exceeded this number without seeking leave of the Court.

Plaintiffs' motion to compel (Document No. 62) is denied. IT IS SO ORDERED this 25th day of January, 2017.

_____
James M. Moody Jr.
United States District Judge