IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NATHAN HOGGARD and JERRY WILLIAMS                  PLAINTIFFS

v.                    NO. 3:15CV00323 JM

ARABI CATTLE COMPANY, Limited Liability Company;
ROGER PAGE, INDIVIDUALLY AND AS REGISTERED AGENT
AND AS MEMBER AND OWNER OF ARABI CATTLE COMPANY,
Limited Liability Company, and JIM FRANKLIN,
INDIVIDUALLY AND AS AN EMPLOYEE OF
ARABI CATTLE COMPANY, Limited Liability Company        DEFENDANTS

## ORDER

Pending is Separate Defendants' motion for summary judgment. (Docket #70). Plaintiffs have filed response and Defendants have filed a reply. For the reasons set forth herein, the motion is GRANTED. The remaining motions, docket entries, 68, 73, 76, 78 and 80 are denied as moot.

### Facts

Plaintiffs Nathan Hoggard and Jerry Williams allege that due to actions or inactions of Defendants Arabi Cattle Company ("ACC"), Roger Page ("Page") and Jim Franklin ("Franklin"), Plaintiffs were injured after being struck by hay bales which had been loaded onto ACC's trailer.

Hoggard and Williams were injured on March 7, 2015 while they were using two farm tractors to load 4x5 round hay bales onto a drop deck trailer owned by ACC. Page, the owner of ACC, had made arrangements to purchase a load of hay from Travis Lipsey. Franklin, an employee of ACC, and ACC's driver, was to haul the hay from St. Francis, Arkansas to ACC's location in Newbern, Tennessee. It is customary for the seller to load the hay purchased onto the

customer's trailer. On March 7, 2015, Franklin arrived in the early morning to pick up the hay in a 53-foot drop-deck hay trailer. Lipsey and Williams used Williams' tractor to load approximately twenty-two hay bales in two rows onto the floor of the trailer and a portion of the top rows. There is a dispute as to whether a ratchet strap was placed on the last two bottom bales before the plaintiffs were injured. Because Williams' tractor was too small to completely load the top rows of hay, Lipsey called Hoggard to ask him to bring a larger tractor to help finish loading the trailer. When Hoggard arrived there were approximately eight of the forty-two bales left to be loaded. Hoggard did not see any of the bales leaning when he arrived. Before finishing the load, Hoggard got off of the tractor to check the load; there were several top bales in the middle to the front of the trailer on the passenger side that were leaning. Because there were two or three rows leaning, Hoggard was going to use his tractor to straighten the leaning bales by pushing the bales toward the center of the trailer.

Hoggard and Williams were standing on the passenger side rear of the trailer when they were struck by two bales of hay that fell from the trailer. It is undisputed that at the time of the accident, the trailer was stationary. The bales that fell came from the passenger side rear of the trailer and were two of the bales loaded by Hoggard. Franklin did not use a tractor or load any of the hay before the accident, however, Plaintiffs allege that Franklin orchestrated the loading of the hay and it was done in the manner in which he directed. It is undisputed that Franklin did not tell Hoggard or Williams that they had to load the hay; Hoggard and Williams could have refused to load the hay if they thought the situation was unsafe; Franklin never told Hoggard or Williams that they had to stay while the hay was being loaded; Hoggard and Williams could have left the location if they thought the situation was unsafe.

Defendants argue that Plaintiffs have failed to establish a prima facie case of negligence. Defendants assert that they did not owe a duty to the plaintiffs; did not breach a duty, if such duty was owed; and, there is no proof that Defendants' actions were a proximate cause of any injury.

## Summary Judgment Standard

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988)) (citations omitted). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Discussion

In this diversity case, the Court applies Arkansas substantive law. *Murray v. Greenwich*

3

*Ins. Co.*, 533 F.3d 644, 648 (8th Cir. 2008) (*citing Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). "Under Arkansas law, in order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Fordyce Bank & Trust Co. v. Bean Timberland, Inc.*, 251 S.W.3d 267, 270–71 (Ark. 2007). "The burden of proof is always on the party asserting negligence, as negligence is never presumed." *AutoZone v. Horton*, 192 S.W.3d 291, 295 (Ark. App. 2004). "The issue of whether a duty [of care] exists is always a question of law, not to be decided by a trier of fact." *Crenshaw v. Arkansas Warehouse, Inc.*, 379 S.W.3d 515, 516 (Ark. App. 2010) (citation omitted). If no duty of care is owed, summary judgment is appropriate. *Smith v. Hansen*, 914 S.W.2d 285, 289 (1996).

Plaintiffs allege that the Defendants' duty of care arose from the Federal Motor Carrier Safety Regulations and Ark. Code Ann. §27-35-110. Additionally, Plaintiffs argue that because Franklin directed the loading process, he assumed a duty of care toward them.

Although a violation of a state statute or regulation may be relevant evidence of whether Defendants breached a duty it may have owed the plaintiffs, *see Dunn v. Brimer*, 537 S.W.2d 164, 165–66 (1976), the regulations do not independently create private rights of action or impose alternative duties on defendants. The Federal Motor Carrier Safety Regulations ("FMCSR") were designed to reduce highway accidents. The regulations define an accident as "an occurrence involving a commercial motor vehicle operating on a highway in interstate or intrastate commerce. . . " 49 U.S.C. §390.5. Further, the regulations state that the term accident does not include "an occurrence involving only the loading or unloading of cargo*." Id. See, Turner v. Goodyear Tire & Rubber Co.*, 2004 WL 3119008(N.D.Ill. 2004). As in *Turner*,

4

Plaintiffs argue that the loading and unloading of cargo falls within the general purpose of the Federal Motor Carrier Safety Regulations. However, the court agrees with the holding in *Turner* that "despite the general language in the [regulations]. . . the regulations clearly indicate that the FMCSR were not intended to cover or create a duty in regards to accidents that occur while unloading cargo in a private loading area." *Id*. Plaintiffs point to the mandates of 49 C.F.R. §393.100 which requires all commercial motor vehicles "when transporting cargo on public roads, be loaded and equipped, and the cargo secured, in accordance with this subpart to prevent the cargo from leaking, spilling, blowing or falling from the motor vehicle." The cargo must be "contained, immobilized or secured . . . to prevent shifting upon or within the vehicle to such an extent that the vehicle's stability or maneuverability is adversely affected." *Id*. Again, this regulation is limited to the transportation of cargo. It is undisputed that the accident at issue occurred while the vehicle was stationary and the loading process was incomplete. The Court finds that the FMCSR does not create a duty applicable to this accident.

Plaintiffs also contend that a duty arises from Ark. Code Ann. §27-35-110 which provides that: "No vehicle shall be driven or moved on any highway unless the vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking, or otherwise escaping therefrom." The accident at issue did not occur while the vehicle was being driven or moved on a highway. Instead, as previously stated, the vehicle was stationary and the loading was incomplete. The Court finds that Ark. Code Ann. §27-35-110 does not create a duty applicable to this accident.

Finally, Plaintiffs argue that Franklin assumed a duty of care based upon his participation in the loading process. Under Arkansas law, a party who gratuitously undertakes a duty can be

5

liable for negligently performing that duty. *See Bell v. Mine Safety Appliances,* 2016 WL 797582 (W.D. Ark. 2016), *citing, Steward v. McDonald*, 958 S.W.2d 297 (1997). Franklin did not use a tractor or load any of the hay before the accident, however, Plaintiffs allege that Franklin orchestrated the loading of the hay and it was done in the manner in which he directed. It is undisputed that Franklin did not tell Hoggard or Williams that they had to load the hay; Hoggard and Williams could have refused to load the hay if they thought the situation was unsafe; Franklin never told Hoggard or Williams that they had to stay while the hay was being loaded; Hoggard and Williams could have left the location if they thought the situation was unsafe and it is customary for the seller to load the hay purchased onto the customer's trailer. Even if Franklin participated in the loading process, Plaintiffs were free to refuse to load the hay as suggested and any defects in the loading process were open and obvious. On these facts, the Court finds that Franklin did not assume a duty to the Plaintiffs during the loading process.

For these reasons, the Court finds that Separate Defendants did not owe Plaintiffs a legal duty. Plaintiffs are unable to establish a prima facie case of negligence. Accordingly, Separate Defendants' motion for summary judgment, docket #70 is GRANTED.

IT IS SO ORDERED this 9th day of June, 2017.

_____
James M. Moody Jr.
United States District Judge